**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARVIN JEAN BEASLEY ROOME,<br><br>Plaintiff,<br><br>v.<br><br>NEWARK PUBLIC SCHOOLS, et al.,<br><br>Defendants. | Civil Action No. 2:12-cv-04484 (CCC)<br>(JAD)<br><br>**OPINION** |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before this Court on the application of *pro se* plaintiff Marvin Jean Beasley Roome ("Plaintiff") for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). Pursuant to Federal Rules of Civil Procedure 78, no oral argument was heard. After carefully considering the submissions, and based upon the following, Plaintiff's application is **denied without prejudice**.

    I.    **BACKGROUND.**

This matter involves a *pro se* litigant's application for appointment of *pro bono* counsel. Plaintiff alleged that on January 23, 2012, she was terminated from her employment for excessive absenteeism and chronic tardiness. (Compl. 7, ECF No. 1). Prior to filing her Complaint, Plaintiff obtained a Dismissal and Notice-of-Rights letter, colloquially known as the "Right to Sue Letter," from the Equal Employment Opportunity Commission ("EEOC"). (Id.). The Right to Sue Letter advised Plaintiff that the EEOC was able to conclude that the information it obtained established a possible violation of Title VII, the Americans with Disabilities Act, or the Age Discrimination in Employment Act.

On July 18, 2012, Plaintiff submitted filed a complaint and an application to proceed *in forma pauperis*. (Compl., ECF No. 1). Plaintiff alleged that her employer, defendant Newark Public Schools (the "District"), discriminated against her on the basis of age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, and retaliation in violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e *et seq.* (Id.). On December 4, 2012, Plaintiff's application to proceed *in forma pauperis* was granted. (Order, ECF No. 2). Subsequently, on December 12, 2012, Plaintiff filed an Amended Complaint to name as defendants the District's Risk Manager, Ron Hale, and her former supervisor, Wili Thomas (collectively, the "Defendants"). (Am. Compl., ECF No. 7).

In the Amended Complaint, Plaintiff alleged that she was discriminated against on the basis of her age. Specifically, Plaintiff alleged that Mr. Thomas "[spoke] to [her] in a loud voice … lie[d] [about her], … sp[ied] on [her], [and] ha[d] other coworkers spy on [her] and report to him." (Compl. ECF No. 1). Plaintiff also alleged that Mr. Thomas threaten to retaliate against her after she made a complaint to the District's Superintendent. (Id.). In addition, Plaintiff alleged that she was discriminated against on the basis of her disability in that her supervisor failed to make accommodations following her surgery. (Id.). On March 7, 2013, Plaintiff applied for *pro bono* counsel citing her indigent status as the main factor for appointment. (Application for Pro Bono Counsel, ECF No. 10).

## II.     LEGAL STANDARD.

District courts have the authority to request the appointment of counsel to represent indigent litigants in civil cases. 28 U.S.C § 1915(e)(1). Civil litigants have neither a constitutional nor statutory right to appointed counsel. Parham v. Johnson, 1269 F.3d 454, 456-

57 (3d Cir. 1997). Accordingly, the Third Circuit directed that district courts should first determine whether a *pro se* party's claim "has arguable merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), cert denied, 510 U.S. 1996 (1994). Assuming the claim has merit, the Third Circuit promulgated a number of factors to be considered by district courts in the exercise of their discretion under § 1915(e)(1). These factors are: (1) the *pro se* party's ability to present his case; (2) the complexity of the legal issues; (3) the extent of factual discovery and the *pro se* party's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the *pro se* party can afford counsel on his own behalf. See Parham, 2 F.3d 454; Tabron, 6 F.3d at 155, 158. However, while these factors are meant to guide the Court in making its determination, they are not exhaustive and the Court may consider any other factor it deems relevant. (Id. at 157). Furthermore, the Court does not need to find that each of the Tabron factors is met before appointing a *pro bono* counsel. Brandt v. Ganey, No. 3:06-cv-5639, 2008 WL 5416393, at *11 (D.N.J. Dec. 22, 2008).

The Third Circuit further emphasized that "volunteer lawyer time is extremely valuable" and, for that reason, "district courts should not request counsel under § 1915[(e)(1)][1] indiscriminately." Tabron 6 F.3d at 157. Finally, the Third Circuit recognized "the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." (Id.).

---

[1] At the time of Tabron, § 1915(d) governed the appointment of counsel by a district court. Upon the amendment of the statute in 1996, § 1915(e)(1) became the operable statutory provision.

### III. ANALYSIS.

As an initial matter, this Court must first determine whether Plaintiff's complaint has merit in fact and law. This Court will assume for the purposes of this Opinion only that the case has merit, and, therefore, shall consider the Tabron factors as they apply to Plaintiff's application.

At the outset, the Court notes that the only information provided by Plaintiff in support of her application for pro bono counsel is her assertion that she has been unable to obtain an attorney because she cannot afford one. (Application for Pro Bono Counsel ¶ 4, ECF No. 10). Although Plaintiff qualified for *in forma pauperis* status, she provided no information regarding whether she made any attempt to obtain counsel and whether such attempts were unsuccessful. Moreover, Plaintiff provided no information regarding her "education, literacy, prior work experience, and prior litigating experience," which leaves the Court unable to conclude that factors such as Plaintiff's ability to present her own case weigh in favor of the appointment of counsel. See Montgomery v. Pinchak, 294 F.3d 492, 501 (3d Cir. 2002); see also Tabron, 6 F.3d at 156. In fact, it appears from the application that Plaintiff is literate, can read and write in English, and was employed by defendant Newark Public Schools as a Custodial Worker from November 1999 to January 23, 2012. (Id). Therefore, the Court finds that these factors weigh against the appointment of counsel.

The next factor that must be addressed is the complexity of the legal issues. Complexity supports appointment of counsel "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Tabron, 6 F.3d at 156 (quoting Macklin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)). Courts also consider "the proof going towards the ultimate issue and the discovery issues involved."

Parham v. Johnson, 126 F.3d 454, 459 (3d Cir. 1997). The issue in this case is whether the defendants, in terminating Plaintiff's employment in the manner and under the circumstances alleged, violated her civil rights. Although Plaintiff claims that the legal complexity of this action are beyond her capabilities, Plaintiff has not demonstrated at this stage of the proceedings that the factual claims are difficult to understand or that the legal issues involved are so complex such that the appointment of counsel is required. Accordingly, this factor weighs against the appointment of counsel.

In addition, with respect to the extent of factual discovery and Plaintiff's ability to investigate and to comply with complex discovery rules, there is nothing to suggest that Plaintiff would be hindered, or in any way unable, to investigate her claims. Nor is there any indication that this case will require expert testimony. Finally, with respect to whether the case will be determined by credibility determinations, it is not yet apparent whether or not the case will hinge on credibility determinations.

On balance, the Tabron factors weigh against granting Plaintiff's application for pro bono counsel. However, Plaintiff may renew her application for pro bono counsel, or the Court may elect to revisit this issue on its own, if it becomes apparent as the matter proceeds that the appointment of counsel is necessary. See Tabron, 6 F.3d at 156 (recognizing that, under 28 U.S.C. § 1915(d), the court may sua sponte appoint counsel at "any point in the litigation").

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's application is **denied without prejudice.**

SO ORDERED

_____ 4/15/13
JOSEPH A. DICKSON, U.S.M.J.

cc:     Hon. Claire C. Cecchi, U.S.D.J.