UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARVIN JEAN BEASLEY ROOME,<br><br>Plaintiff,<br><br>v.<br><br>NEWARK PUBLIC SCHOOLS, et al.,<br><br>Defendants. | Civil Action No. 2:12-cv-04484<br>(CCC)(JAD)<br><br>OPINION |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court on the second application of plaintiff Marvin Jean Beasley Roome ("Plaintiff") for the appointment of pro bono counsel (the "Second Application"). (ECF No. 24). Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After carefully considering the submissions, and based upon the following, Plaintiff's Second Application is **GRANTED for the limited purposes set forth below.**

I. BACKGROUND.

This matter involves a *pro se* litigant's second application for appointment of pro bono counsel. This Court previously declined to appoint pro bono counsel to Plaintiff in an Opinion dated June 15, 2013. (Opinion, ECF No. 16). The facts underlying Plaintiff's initial request for pro bono counsel are largely identical to those asserted in this renewed application, with one

exception. In the renewed application, Plaintiff asserted that due to various difficulties she faces litigating her claims, she attempted to obtain legal representation from legal clinics at certain New Jersey law schools; however, her requests for representation were declined.

Plaintiff alleged that on January 23, 2012, she was terminated from her employment for excessive absenteeism and chronic tardiness. (Compl. 7, ECF No. 1). On July 18, 2012, Plaintiff filed a complaint and an application to proceed *in forma pauperis*. (Compl., ECF No. 1). Plaintiff alleged that her employer, defendant Newark Public Schools (the "District"), discriminated against her on the basis of age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Id.). On December 4, 2012, Plaintiff's application to proceed *in forma pauperis* was granted. (Order, ECF No. 2). Subsequently, on December 12, 2012, Plaintiff filed an Amended Complaint to name as defendants the District's Risk Manager, Ron Hale, and her former supervisor, Wali Thomas (collectively, the "Defendants"). (Am. Compl., ECF No. 7).

In the Amended Complaint, Plaintiff alleged that she was discriminated against on the basis of her age. Specifically, Plaintiff alleged that Mr. Thomas "[spoke] to [her] in a loud voice . . . lie[d] [about her], . . . sp[ied] on [her], [and] ha[d] other coworkers spy on [her] and report to him." (Compl. ECF No. 1). Plaintiff also alleged that Mr. Thomas threatened to retaliate against her after she made a complaint to the District's Superintendent. (Id.). In addition, Plaintiff alleged that she was discriminated against on the basis of her disability in that her supervisor failed to make accommodations following her surgery. (Id.)

In her initial application for pro bono counsel, Plaintiff cited her indigent status as the main factor for appointment. (Appl. for Pro Bono Counsel, ECF No. 10). In the Second Application,

2

filed on August 1, 2013, Plaintiff cited to the difficulties she faces litigating her claims and her unsuccessful attempts to obtain legal representation as her basis for requesting the appointment of counsel. (Second Appl. for Pro Bono Counsel, ECF No. 24). Defendants filed a brief in opposition to Plaintiff's renewed application on August, 8, 2013. (Defs.' Br., ECF No. 25).

## II. **LEGAL STANDARD.**

Civil litigants possess neither a constitutional nor statutory right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). However, in some instances the need for representation is great and district courts are granted broad discretion to request the appointment of attorneys to represent indigent civil litigants. 28 U.S.C. § 1915 (d), (e)(1). The Third Circuit has directed that district courts should first determine whether a plaintiff's claim "has arguable merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), cert denied, 510 U.S. 1996 (1994). Assuming plaintiff's claims have merit, the Third Circuit promulgated a number of factors to be considered by district courts in the exercise of their discretion under § 1915(e)(1). These factors include: (1) the plaintiff's ability to present his case; (2) the complexity of the legal issues; (3) the extent of factual discovery and the plaintiff's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the plaintiff can afford counsel on his own behalf. Id. at 156.

The Third Circuit further emphasized that the "volunteer lawyer[s'] time is extremely valuable" and for that reason, "district courts should not request counsel under § 1915[(e)] indiscriminately." Id. at 157. Finally, the court must take note of "the significant practical restraints on the district courts' ability to appoint counsel; the ever-growing number of prisoner civil rights actions filed each year in the federal court; the lack of funding to pay appointed counsel;

3

and the limited supply of competent lawyers who are willing to undertake such representation" without pay. Id.

### III. DISCUSSION.

This Court denied Plaintiff's initial request for the appointment of pro bono counsel, finding that the only information provided by Plaintiff in support of her application was her assertion that she had been unable to obtain an attorney because she could not afford one. (Opinion, ECF No. 16). The Court found Plaintiff had, to that point, shown herself to be literate and articulate enough to litigate her claims. (Id.). Indeed, Plaintiff successfully amended her Complaint to name two additional defendants. (Order, ECF No. 7). Further, although the Court acknowledged Plaintiff's argument that the legal complexity of this action may be beyond her capabilities, it found that Plaintiff failed to demonstrate that the legal issues involved are so complex that the appointment of counsel is required. (Opinion, ECF No. 16). Finally, the Court found that, with respect to the extent of factual discovery and Plaintiff's ability to investigate and to comply with complex discovery rules, there was nothing to suggest that Plaintiff would be hindered or unable to investigate her claims. (Id.).

In the Second Application, Plaintiff again requested appointment of pro bono counsel and cited to the difficulties she faces litigating her claims. Specifically, Plaintiff claimed that "Newark Public School Lawyers are sending me papers . . . some I understand and some I don't understand." (Appl. for Pro Bono Counsel, ECF No. 24). In addition, Plaintiff submitted information detailing her unsuccessful attempts to obtain legal representation. (Id.)

The status of this case has changed little since this Court's June 15, 2013 denial of Plaintiff's request for pro bono counsel. Moreover, as the Defendants attempt to have the case proceed, Plaintiff's inability to present her case and supply discovery has caused the case to halt

4

and hindered settlement negotiations. Plaintiff has not yet responded to the interrogatories or document demands served by Defendants.¹ In this situation, a settlement conference with the assistance of counsel for the Plaintiff, may yield an amicable result between the parties.

This Court has concluded that the appointment of pro bono counsel for the limited purpose of advising and consulting Plaintiff on the strengths and weaknesses of her case, as well as for the purpose of attending a settlement conference on Plaintiff's behalf is necessary. If the settlement conference is unsuccessful and after Plaintiff has had the benefit of advice from competent counsel on the strengths and weaknesses of her case, pro bono counsel has satisfied his/her obligations pursuant to this Opinion and Order and will be permitted to withdraw if he or she so elects.

## IV. CONCLUSION.

For the foregoing reasons, Plaintiff's Second Application for the appointment of pro bono counsel, (ECF No. 24), is **GRANTED for the limited purposes discussed within this Opinion and Order.**

SO ORDERED

JOSEPH A. DICKSON, U.S.M.J.

cc: Hon. Claire C. Cecchi, U.S.D.J.

---

¹ Plaintiff requested additional time to respond to these interrogatories while she attempted to obtain an attorney, and Defendants consented to the extension. (ECF No. 26).

5